UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICHOLAS STEVEN CASPARY,

Plaintiff,

v. Case No. 8:25-cv-01325-SPF

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_______________________________/

# ORDER

Plaintiff seeks judicial review of the Commissioner's denial of his claim for a period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

## I. Procedural Background

Plaintiff applied for a period of disability and DBI on February 3, 2023 (Tr. 85). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 86–91, 94–100). Plaintiff then requested an administrative hearing (Tr. 117). Per Plaintiff's request, the ALJ held a hearing on May 1, 2024, at which Plaintiff appeared and testified (Tr. 37–61). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 8–29). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–4). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. Factual Background and the ALJ's Decision

Plaintiff was born in 1979 and claimed disability beginning December 9, 2021 (Tr. 86). Plaintiff obtained a high school education and completed one year of college (Tr. 91). Plaintiff's past relevant work experience included work in construction (Tr. 91). Plaintiff alleged disability due to breathing issues, high blood pressure, high cholesterol, depression, borderline personality disorder, anxiety, and obsessive-compulsive disorder (Tr. 86).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through September 30, 2022, and had not engaged in substantial gainful activity since December 9, 2021, the alleged onset date (Tr. 13). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine with stenosis, disc protrusions, and radiculopathy, remote history of clavicle fracture, major depressive disorder, generalized anxiety disorder, and cannabis use disorder (*Id.*). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 14). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform:

> light work as defined in 20 CFR 404.1567(b) except he can never climb ladders, ropes, or scaffolds, can frequently balance, can occasionally climb, stoop, kneel, crouch, and crawl, can frequently handle and finger, can never work around hazards, such as unprotected heights or unguarded moving machinery, nor vibration. He can understand, remember, and carry out simple instructions and make simple work-related decisions, cannot work at a production rate pace, such as on an assembly line, can occasionally interact with supervisors, coworkers, and never interact with the general public, and can tolerate occasional changes in the work setting

(Tr. 17). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 19).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform his past relevant work (Tr. 24). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a housekeeping cleaner, routing clerk, and collator operator (*Id.*). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 25).

## III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration promulgated detailed regulations to regularize the adjudicative process. These regulations establish a "sequential evaluation process" to

determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required by his or her prior work, step five of the evaluation requires the ALJ to decide whether the claimant can do other work in the national economy, given his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, it does not accord deference to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its judgment for that of the ALJ even if it finds that the evidence preponderates

against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## IV. Analysis

On appeal, Plaintiff alleges the ALJ erred in evaluating the administrative findings of non-examining state agency psychiatric consultants, Dr. Forgus and Dr. Boulous-Sophy, and the opinion of consultative examiner Dr. Gruenfeld. Plaintiff maintains that though the ALJ found the opinions of these individuals to be generally persuasive, the ALJ failed to account for the entirety of their assessed limitations in formulating Plaintiff's RFC. Specifically, Plaintiff highlights that the state agency opinions limited Plaintiff to roles which required only "superficial" interactions with others, did not involve "sales, arbitration, negotiation, conflict resolution or confrontation, no group, tandem or collaborative tasks, and no management, direction or persuasion of others" and required only gradual and/or easily explainable changes in work setting (Doc. 11 at 6–7 (citing Tr. 88)). Meanwhile, Dr. Gruenfeld opined that Plaintiff would struggle to carry out future job tasks; would work slower than others due to focus and motivation issues; would have problems completing multi-step job tasks, would struggle to work effectively with others when angered; and would battle with mental heath issues and task performance when stressed. (*Id.* at 8 (citing Tr. 73)). Based on these statements,

Plaintiff argues that ALJ erred at step four because the ALJ's RFC determination did not fully incorporate these limitations or explain why they were disregarded (*Id.* at 4).

Where a claimant has a "colorable claim of mental impairment," the ALJ must complete a Psychiatric Review Technique Form, ("PRTF"), to assess the claimant's functional limitations in four areas: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Moore*, 405 at 1213–14; 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). The ALJ then incorporates the results of the PRT into the findings and conclusions at steps four and five of the sequential evaluation process. *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950 (11th Cir. 2013). But the PRTF is separate from the ALJ's evaluation of a claimant's RFC, which is an assessment of a claimant's maximum ability to do work despite her impairments. The mental RFC is a more detailed assessment of the claimant's ability to function. *Id.* In other words, an ALJ must be more thorough in evaluating a claimant's RFC at step four than in assessing the severity of mental impairments at steps two and three.

Here, the ALJ concluded that Plaintiff had moderate limitations in the areas of understanding, remembering, or applying information; interacting with others; and concentrating, persisting, or maintaining pace; and adapting or managing oneself (Tr. 15–16). The ALJ also found at steps two and three that Plaintiff had severe mental impairments but did not have an impairment or combination of impairments that met or equaled a listed impairment. (Tr. 14). Consequently, the ALJ proceeded through the sequential evaluation process and assessed Plaintiff's RFC. The ALJ clarified that "[t]he following residual functional capacity assessment reflects the degree of the limitation the undersigned has found in the 'paragraph B' mental function analysis." (Tr. 16). Specifically, the ALJ included the

following relevant limitation in Plaintiff's RFC: "He can understand, remember, and carry out simple instructions and make simple work-related decisions, cannot work at a production rate pace, such as on an assembly line, can occasionally interact with supervisors, coworkers, and never interact with the general public, and can tolerate occasional changes in the work setting" (Tr. 17).

In addressing Plaintiff's argument, Court first notes that the ALJ found the opinions of Dr. Boulous-Sophy, Dr. Forgus, and Dr. Grunfeld to be "generally persuasive" not fully absolute. "[F inding an opinion persuasive also does not mean it is controlling." *Guth v. Comm'r of Soc. Sec.*, No. 2:21-CV-106-JLB-NPM, 2022 WL 8211404, at *9 (M.D. Fla. Aug. 5, 2022), *report and recommendation adopted*, No. 2:21-CV-106-JLB-NPM, 2022 WL 4115784 (M.D. Fla. Sept. 9, 2022). Indeed, an ALJ is not required to adopt into an RFC every limitation from every medical source opinion deemed persuasive. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). "Rather, the assessment of a claimant's RFC is within the exclusive province of the ALJ." *Guth*, 2022 WL 8211404 at *9.

Moreover, the ALJ did adopt the limitations set forth by Dr. Boulous-Sophy, Dr. Forgus, and Dr. Grunfeld. Though Plaintiff fixates on the specific language used in the opinions, in sum Dr. Boulous-Sophy and Dr. Forgus opined that Plaintiff would be limited to job roles which required only occasional interactions with others in low-conflict, non-collaborative settings where changes in work settings were infrequent and explained in advance. (Tr. 88, 96). In his opinion, the ALJ directly acknowledged and accounted for these constraints by limiting Plaintiff to roles which had no interactions with the general public, only occasional interactions with supervisors, required only simple instruction, and had only occasional limited changes in work setting (Tr. 21–22). Similarly, Dr. Grunfeld opined that

Plaintiff would struggle with motivation, multi-step job tasks, working with others when angered, and maintaining performance when stressed (Tr. 73). In direct response to these concerns, the ALJ limited Plaintiff to roles which did not require production rate pace and contained the social interaction and simplicity instruction limitations discussed above (Tr. 21–22). Despite Plaintiff's contentions, the ALJ was not required quote the entirety of the medical source opinions into his RFC analysis. *Klarner v. Comm'r of Soc. Sec.*, No. 2:23-cv-25-NPM, 2024 WL 1298820, at *10 (M.D. Fla. Mar. 27, 2024) ("[A]n ALJ is not required to adopt verbatim every portion of a medical source's opinion simply because he finds it persuasive."); *Carlton v. Comm'r of Soc. Sec.*, No. 5:23-cv-539-JSM-PRL, 2024 WL 3851007, at * 5 (M.D. Fla. Aug. 1, 2024) ([T]he ALJ is not required to use magic words in a claimant's RFC assessment.") (quotation omitted); *Hilton v. Comm'r of Soc. Sec.*, No. 6:14-CV-1339-ORL-GJK, 2016 WL 561364 (M.D. Fla. Feb. 12, 2016) ("There is no requirement the ALJ include every limitation verbatim into her RFC determination simply because she stated she was adopting the most restrictive opinions in her RFC determination.").

Moreover, even if this Court were to accept Plaintiff's belief that the ALJ rejected certain portions of the medical source opinions, the ALJ did provide an explanation. In his opinion, the ALJ listed the RFC limitations he was imposing due to Plaintiff's mental health symptoms and then stated that no further limitations were necessary based on his consideration of the record, including Plaintiff's testimony that he had written and self-published a book, which the ALJ found suggested Plaintiff had the mental ability to focus and complete tasks when interested and motivated to do so, and Plaintiff's demonstrated record of maintaining employment while managing chronic mental health conditions his entire adult life (Tr. 22). Accordingly, even if there were a partial rejection of the medical source evidence

(which this Court has not found), the ALJ properly supported the exclusion with substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) ("We review the [ALJ's] findings to determine whether they are supported by substantial evidence in the record as a whole.").

## V. Conclusion

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is direct to enter final judgment in favor of the Commissioner and close the case.

**ORDERED** in Tampa, Florida, on September 10, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE